SIX FERMENTING TUBS (UNITED STATES v.). See Case No. 16,296.

## Case No. 12,915.

### SIX HUNDRED AND EIGHTY PIECES OF MERCHANDISE.

[2 Spr. 233.] [1]

District Court, D. Massachusetts. Oct., 1863.

PRIZE—ADMIRALTY JURISDICTION—ENEMY. PROPERTY.

The district courts of the United States have jurisdiction in prize in case of enemy's property found on a wharf, having been recently water-borne, and there captured by a force sent in boats from a vessel-of-war.

[Cited in U. S. v. Two Hundred and Sixty-Nine and One Half Bales of Cotton, Case No. 16,583.]

These articles of merchandise were ferried across the Chowan river in North Carolina, at Reddick's ferry, and landed on a wharf, preparatory to their being taken to Weldon. They were not contraband of war, but were the property of an inhabitant of the country under the rebel government, who, the evidence showed, was himself actually a rebel. The Chowan river was at the time occupied by a naval force of the United States for blockading and all other purposes of war. The goods were captured soon after they were landed, by a force sent for the purpose, from the United States steamer Hunchback, under Lieutenant Colhoun. Being found in a damaged condition, the property was sold after an appraisement, by order of the commander of the squadron, and the proceeds sent to the assistant treasurer at Boston, to await adjudication. There were no claims interposed. It was libelled as prize, and the only question was of admiralty jurisdiction.

R. H. Dana, Jr., U. S. Atty., for the United States and captors.

The court of admiralty in England has always taken cognizance of captures made by the forces of the admiral (i. e. the naval forces), whether the property at the time of its capture was actually water-borne or on land and whether the capture was made by the naval forces alone, or in conjunction with the land forces, where the capture is part of the necessary operations of war, and not

---

[1] [Reported by John Lathrop, Esq., and here reprinted by permission.]

mere seizure by land forces for the purpose of private loot or booty. Lord Mansfield's opinion in Lindo v. Rodney, 2 Doug. 613 [note]; Key v. Pearse, cited in Le Caux v. Eden, 2 Doug. 606: Ships Taken at Genoa, 4 C. Rob. Adm. 388; The Army of the Deccan, 2 Knapp, P. C. 152, and note; The Cape of Good Hope, 2 C. Rob. Adm. 274; The Thorshaven, Edw. Adm. 102; The Rebeckah, 1 C. Rob. Adm. 227; The Stella Del Norte, 5 C. Rob. Adm. 349; The Island of Trinidad, Id. 92. This view of the subject has the sanction of the highest authorities in the United States. Marshall. C. J.. in Jennings v. Carson, 4 Cranch [8 U. S.] 20; Peters. J.. decision, note to 4 Cranch [8 U. S.] 5; The Emulous [Case No. 4,479]; Story, J.. in Brown v. U. S., 8 Cranch [12 U. S.] 137. The distinction is that captures made by naval forces, in that capacity, under the direction of naval or admiralty authorities, as part of naval warfare, are prize, within the meaning of the law, whether made on land or at sea, and are passed upon by the court of the admiralty, on principles of international law; while property taken by land forces is booty, and governed by different rules. The federal courts of the United States, as courts of admiralty. have jurisdiction over the whole subject of prize. as extensive as that of the court of admiralty in England. The Betsey, 3 Dall. [3 U. S.] 6; Talbot v. Janson. 3 Dall. [3 U. S.] 133; Jennings v. Carson, 4 Cranch [8 U. S.] 2; The Alerta, 9 Cranch [13 U. S.] 359; Penhallow v. Doane, 3 Dall. [3 U. S.] 54; The Amiable Nancy [Case No. 331]; The Emulous [supra]; 2 Wheat. (Story's Append.) 1. The act of 1861 (chapter 60: 12 Stat. 319) specially recognizes the jurisdiction of this court over all classes of prize.

SPRAGUE, District Judge. The evidence leaves no doubt that this is property of the enemy. The only question is whether this court has jurisdiction over it as prize in admiralty. It seems to be settled that the district courts of the United States possess all the prize jurisdiction of a court of admiralty. Such is the construction given by the authorities to the statutes and the clause in the constitution conferring jurisdiction on the federal courts, and such has been the practice. The authorities cited show that the jurisdiction of the admiralty over matters of prize certainly extends far enough to cover the circumstances of this case. How much farther it may extend, it is not necessary to consider. Here the merchandise, being enemy's property, was ferried across a river occupied by our naval forces for all purposes of war, acting under strictly naval authority; and it was soon afterwards seized on the wharf by a naval force sent from one of our vessels for the purpose. It is not necessary to decide whether this property might not be liable to municipal confiscation or forfeiture on the instance side of this court, under any of the special statutes passed to meet this rebellion. It is not proceeded against as forfeited or confiscated, but for condemnation as prize of war; and I am satisfied that the admiralty jurisdiction of this court is sufficient to embrace the case.

See Alexander's Cotton, 2 Wall. [69 U. S.] 404.